FILED

LISA JOANNE SMITH )
971 Avenida Ladera, San Dimas, Ca. )
626-282-1062 , 909 506 8224 )
lisagirl1111@aol.com )
)
IN PRO PER )

2025 MAR 11 PM 1:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY GSA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRIC OF CALIFORNIA

| | |
|---|---|
| LISA JOANNE SMITH AN INDIVIDUAL<br><br>PLAINTIFF<br>vs<br><br>CITY OF SAN DIMAS, CALIFORNIA<br>EMMETT BADAR MAYOR OF CITY OF SAN DIMAS, CA<br>ERIC WEBBER COUNCILMAN-<br>LAW ENFORCEMENT EMPLOYEE<br>RYAN VIENNA COUNCILMAN-<br>LOS ANGELES SHERIFF DEPT EMPLOYEE<br>LOS ANGELES SHERIFF DEPARTMENT<br>LOS ANGELES SHERIFF AERO BUREAU<br>GOLDEN STATE WATER COMPANY<br>FEDERAL BUREAU OF INVESTIGATION<br>UNITED STATES POSTAL SERVICE<br>VIA VERDE COUNTRY CLUB<br>ROBERT AND JOCELINE ABDALLAH<br>GILBERT LEDESMA<br><br>DEFENDANTS | CASE NO. 2-25-cv-W-01757-WLH-JC<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLATORY RELIEF AND INJUNCTIVE RELIEF, AND VERIFIED CLAIMS FOR INVERSE CONDEMNATION PURSUANT TO CAL CODE §1245.60 DESTRUCTION OF PRIVATE PROPERTY |

## COMPLAINT FOR DECLATORY RELIEF AND INJUNCTIVE RELIEF AND VERIFIED CLAIMS FOR INVERSE CONDEMNATION DESTRUCTION OF PRIVATE PROPERTY

## I. JURISDICTION

This Court has jurisdiction under U.S.C. 28 1331, U.S.C. 28 1343, 42 U.S.C. 1983, Cal

## I. INTRODUCTION

COMES NOW PLAINTIFF, Lisa Joanne Smith and files her First Amended Complaint for Declatory Relief and Injunctive Relief, and verified claims for Inverse Condemnation and for Destruction of Private Property Allege as follows:

## PARTIES

1. Landowner Lisa Joanne Smith is organized and existing under the laws of the State of California. City of of San Dimas, California ("City") is a municipal corporation subject to the provisions of the California Statutes. The City is also subject to all of the provisions of the Just Compensation Clause of the United States Constitution.

2. Defendants are sued as principals; that at all times relevant herein, conduct and/ or actions, either alone or in concert with the aforementioned defendants, resulted in the claims set forth herein.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the claims set forth herein pursuant to U.S.C. 28, 1331 U.S.C 28 1343, 42 U.S.C. 1983,

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and Cal Code of Civil Proc. 395 as all Defendants reside or work in the County of Los Angeles where this Court retains Jurisdiction

## GENERAL ALLEGATIONS

5. Plaintiff Lisa Joanne Smith is the Legal owner of the property known as 971 Avenida Ladera, In the City of San Dimas, California (the City). Plaintiff requests leave to Amend Plaintiffs complaint listing the legal description of the property, which was requested from the City of San Dimas, Ca. . Plaintiff was denied said paperwork. The City owns and maintains under Title 14 "Waters and Sewers" 14.04.010 thru 14.16.070 of the San Dimas, California Municipal Code . The City operates a drainage system which constructed and placed through the Eastside of the Property Address owned by the Plaintiff as 971 Avenida Ladera, San Dimas, Ca.

6. Said piping moves South to North in a Northern downward direction and spills out into a small containment, continuing to flow through a County Drainage System. The described storm drainage system is currently used as of the filing of this Lawsuit, and since the ownership by the Plaintiff in June 2004.

7. The City of San Dimas, Ca. has allowed since the ownership of the property by Plaintiff Lisa Joanne Smith described herein as 971 Avenida Ladera, San Dimas, Ca. 91773, for usage outside of the Normal storm drain it was constructed to be utilized as a City " Storm Drain".

8. The City of San Dimas, Ca. has allowed Golden State Water Company which currently operates and has operated since the ownership by the Plaintiff of the property described herein as 971 Avenida Ladera, San Dimas, Ca. 91773 the drainage system for Private use by a Private Company solely for Profit. The Water Storage Facility, owned and operated By Golden State Water Company is located approximately 700 feet from the Storm Drain and the Eastside of the Plaintiff's property. Golden State Water Company release large amounts of water on a daily basis, and has also caused blackouts in the neighborhood due to the Large Electronic Equipment on the property claimed to be owned by Golden State Water Company.

9. Plaintiff Lisa Joanne Smith has experienced movement of her property located at 971 Avenida Ladera, San Dimas due to the leakage by the antiquated storm drain system that is over 52 years since it's burial on the Plaintiff's Property.

10. The City of San Dimas has a fiduciary duty to keep the storm drains free of garbage, leaves and large wood chunks that are carried with the Extremely High Volume of Water Flow by Golden State Water Company releasing volumes prerequisites. Plaintiff Alleges that Golden State Water Company and the City of San Dimas, California, working with the Mayor of San Dimas, Ca. 91773 Emmett Badar since 2007 through the filing of this Lawsuit, have abused the drainage System usage, and violated the normal and peaceful residing the Plaintiff is secured by the 4th and 14th Amendments of Constitution of the United States.

11. Plaintiff made numerous efforts to contact the Mayor Emmett Badar via Certified Mail complaining of Said leakage, which began to severely damage the Plaintiff's Property.

12. The City of San Dimas,Ca. 91773 subsequently adopted their municipality rules and behaviors to ignore the best interests of the citizens and businesses of the City of San Dimas to Isolation and violation by city officials for the sole purpose of financial gain as Representatives and persons willing to accept personal financial gain at the expense of the Citizens of San Dimas, Ca. 91773.

13. The City of San Dimas, Refused and failed to establish Eminent Domian for the Property located at 971 Avenida Ladera, San Dimas, Ca. 91773, as this would be a financial cost to the city, which is and has not been the interest of the Representatives of the City council in and for the City of San Dimas, Ca. 91773.

14. on December 21, 2023, Plaintiff filed a lawsuit against the City of San Dimas,Ca. 91773, requesting monetary damages for the damage inflicted upon the Plaintiff's Residence.

15. Plaintiff's case was handled by a Patricia Gomez (P.Gomez), an assistant with no legal authority to make decisions in any case, and proceeded to ignore all the plaintiff's legal rights. P. Gomez worked closely with the Los Angeles Sheriff Department to deny the Plaintiff's legal resolves spelled out during the months the Plaintiff filed her appropriate legal responses.

16. Sherilyn Peace Garnet, the actual judge, made off the cuff decisions inside of an hour of reviewing said documents as opposing counsel filed illegal documents not allowed by Federal Law, but if you have P Gomez, as a legal assistant, the paperwork, was allowed to be issued and filed and utilized in decision making. P Gomez made false claims that the Plaintiff filed against, and requested a Court Trial, but P Gomez had no intention of allowing this Plaintiff her due day in Court to present evidence.

17. With no other options, Plaintiff sought to retain an attorney who would be allowed to proceed with a Court Trial, as is secured to each citizen by the Constitution of the United States.

18. During the Period of 2024 thru February 2025, the City of San Dimas, Ca. continued to allow large amounts of water to purposely flow through the Drainage system, with no resolve or retention by the City of San Dimas, Ca. and the Golden State Water Company.

19. The City of San Dimas, Ca. has continues to ignore the Plaintiff's pleas to cease and desist from the abuse and damage done to the Plaintiff's property by the massive flow of water through leaking pipe drains.

20. Based upon information and belief, the sole express intent of these City actions Is to enable the city to acquire the address of 971 Avenida Ladera, San Dimas, Ca. for pennies on the dollar, due to the actions of the City Mayor Emmett Badar, and the city has sought the funds to accomplish this purpose.

21.Accordingly , it would be futile to submit any further claims for damages with the City of San Dimas, to repair the home of the Plaintiff.

**FIRST CAUSE OF ACTION FOR DECLATORY RELIEF**

22. Plaintiff Landowner re-allege and incorporate by reference all paragraphs included in this pleading as if set forth in full herein.

23. Declaratory relief is necessary to terminate and or resolve the damage to the property

24. Declaratory relief is permitted Under California Law Code of Civil Procedure 1245.60

25. Therefore, the Landowner Plaintiff request that this Court immediately enter an order Restricting further movement of water through the drainage system located on the property of address of 971 Avenida Ladera, San Dimas, Ca. 91773.

**SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

26. Plaintiff Landowner repeat, re-allege and incorporate by reference all paragraphs Included in this pleading as if set for in full herein.

27. Any action that prevents further authorization to allow any and all water flow through the drainage system to damage the property of the Plaintiff was without legal authority, and therefore , illegal and entirely invalid.

28. There is a reasonable and strong likelihood of the success on the merits which will hold the City of San Dimas, Ca liable for the damage inflicted upon the Plaintiff's Property.

29. Continued disregard by the City of San Dimas, Ca. council members, will result in Irreparable harm and cause a significant hardship on the Plaintiff Landowner.

30. Therefore, the Plaintiff Landowner is entitled to injunctive relief prohibiting the City or any other person or persons, agency or entity from completing any application, land use decision or otherwise, relating to the address of 971 Avenida Ladera, San Dimas, Ca. property residence.

## THIRD CLAIM FOR RELIEF IN INVERSE CONDEMNATION

31.The Plaintiff Landowner repeat, re-allege and incorporate by reference all paragraphs included in this pleading as if set forth in full herein.

32. The Landowner Plaintiff have vested right to use and reside in the residence owned by the Plaintiff.

33. Any further requests to the City for monetary claims would be futile.

34. The City of San Dimas Council members and employees actions in this case have resulted in prohibiting the Landowner Plaintiff from completely using her property for any purpose or normal residency.

35. in accordance with Cal. Code of Civil Procedure § 1036 the Court render judgment for Inverse Condemnation in favor of the Plaintiff Landowner.

36. in accordance with Cal Code of Civil Procedure §1245.60, the Court render judgement against the Defendants City of San Dimas, California and in favor of the Plaintiff.

37.The City's action have resulted in the loss of the Plaintiff Landowner's investment In the home and land address of 971 Avenida Ladera, San Dimas, Ca. 91773

38. The City of San Dimas actions meet all the elements of the **Penn Central** regulatory taking.

39. The City of San Dimas has not paid just compensation to Landowner Plaintiff for this taking of the plaintiff's property and failed to keep the drainage system repaired and safe.

40. The City of San Dimas failure to pay just compensation to Landowner Plaintiff for the Taking of the property located at 971 Avenida Ladera, San Dimas Ca. is a violation of the United States Constitution Amendments 4 and 14.

41. Therefore Landowner Plaintiff is compelled to bring this cause of action for the taking of the residence property, without payment of just compensation.

42. The requested compensation is in excess of fifteen thousand dollars ($15,000.00)

**FOURTH CLAIM FOR VIOLATION**

**OF LANDOWNER'S DUE PROCESS RIGHTS**

43. The Plaintiff Landowner repeat, re-allege and incorporate by reference all paragraphs Included in this pleading as if set forth in full herein.

44. The City of San Dimas's action in this case retroactively and without due process transformed the Landowner Plaintiff's vested property right to a property without any value.

45.The City of San Dimas, Ca in this case was taken intentionally without notice to the Landowner.

46. The City of San Dimas, Ca. action to eliminate or substantially change the Plaintiff Landowner's vested and established property rights, had the effect of depriving the Landowners of her legitimate constitutionally protected property rights.

47. The City of San Dimas, Ca. actions are arbitrary and irrational and unrelated to any legitimate governmental objective or purpose.

48. The City of San Dimas Action mandates payment of just compensation as state herein.

49. This requested relief is in excess of fifteen thousand dollars ($15,000.00)

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Landowner pray for judgment as follows:

1. Declaratory judgment with this Court immediately entering an order prohibiting the City of San Dimas, Ca. or any other person, agency or entity to any land use application, decision or other wise, relating to the property address of 971 Avenida Ladera, San Dimas, Ca.
2. Injunctive relief prohibiting the City of San Dimas, from allowing any water Flow through the piping located on the East side of the property located at address 971Avenida Ladera, San Dimas, Ca.
3. An award of just compensation in accordance to the proof for the taking (permanent or temporary) and or damaging of the Plaintiff's property by Inverse Condemnation

## Certification and Closing

Under Federal Rule of Civil Procedure 11 by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an Improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law: (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint other wise complies with the requirements of Rule 11.

A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related Papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

1st Amended Complaint

Date of Signing:______________________________3-11-2025

Signature of Plaintiff:______________________________

Printed Name of Plaintiff _____Lisa Joanne Smith__________

**SECOND CAUSE OF ACTION**

Plaintiff has been suffering since 2014 concerning the ongoing and aggravated damage executed upon my residence located at 971 Avenida Ladera, San Dimas Ca. has been continued and intentionally effected by Council member Eric Weber. Erik Weber was recorded by Property Security Cameras located at 971 Avenida Ladera, San Dimas, Ca. 91773. Erik Weber stopped at the location on Eastside of the Property facing two palm trees. Erik Weber visited the property, not at reasonable hours, but at 8:OO at night, where the ability to view the property properly, was viewed as an attempt to damage the property. A witness to the incident proceeded outside and followed Erik Weber to Ladera Sera Park, to view what the individual had been executing while next to my residence. Witnessed noticed the lights in the Park were turned off, and what was a Councilmember of the City of San Dimas, Ca. 91773 doing in a Dark Park. Erik Weber was filmed on a mobile security camera attempting to excuse himself and unexplained as to his presence.

From the period of October 15, 2024 thru February 25, 2025 Erik Weber , who is a Law Enforcement Employee, instructed different persons, both Employees of the City of San Dimas, California, and hand picked and with the assistance of the Los Angeles Sheriff Department via Ryan Vienna, also a councilmember of the City of San Dimas, Ca. 91773, to "Trespass" onto the property in violation of Section 9.36.010 of the City of San Dimas Municipal Code. The property contains signage on the property Alerting all with the wording NO TRESPASSING. This Signage is in English and in Spanish, located within inches of Sidewalks crossing the property. Security Cameras will show trespassing by persons hand picked by the City of San Dimas Council members, and with Ryan Vienna conducting assistance via the Los Angeles Sheriff Department, and the Los Angeles Sheriff Dept.Helicopters, and agents to intentionally trespass, and intentionally "Harass" Family members and damage property and create false charges against family members residing to interfere with the Peace and Prosperity granted by Constitution of the U.S.A.

During the period listed of October 15, 2024 thru February 25, 2025, Emmett Badar working with counterpart officials of the Los Angeles Sheriff Department who are also defendants, Erik Weber, also involved in police detectives, and Ryan Vienna an employee of the Los Angeles Sheriff Department Planned and Executed against the Plaintiff by causing damage To my property. Aiding and abetting persons, agent, deputies, during evening hours, agents-Deputies, personnel of the City of San Dimas, Ca. to drive across the property to activate Security Lights, to offer light so that ground personnel with the assistance of Robert and Joceline Abdallah who reside next door, east of my property, to cross their property and Trespass onto my property, to unchain two Palm Trees, which had been chained due to their Growing pattern. This unchaining caused the collapse of both Palm Trees with one damaging A vehicle parked next to one of the Palm Trees. These Events did not happen during the heavy winds which recently caused damages around Southern California. A few days later after damage had been inflicted upon my property, a Los Angeles sheriff Department Vehicle crossed the property slowly with the window open recording the condition of the property in order to confirm the destruction and devaluation of my property. This event took place on different occasions during the period listed.

During the period listed, agents-deputies of the Los Angeles Sheriff Department with the Assistance of Ryan Vienna Councilman for the City of San Dimas, Ca., and the Los Angeles Sheriff Department Aero Bureau, damaged my property in the Rear and Eastside of my Property, during night hours, caused the collapse of my wooden built walkway, by removing Support beams. In addition, using the property and permission of Robert and Joceline Abdallah, And the owners-managers of Via Verde Country Club, assisted in allowing the damage done To my property. Trespassing a violation under 9.32.010 Chapter 9.32 Injury, damaging , unlawful entry, of the San Dimas Municipal Code. Trespassing a violation of 9.32.010 Chapter 9.36 of the San Dimas Municipal Code. For these reasons, Plaintiff Requests Damages And all other remedies available at law for the damage executed against my property by Members of the City Council and Unlicensed Employess of the City of San Dimas .

**CONCLUSION**

Plaintiff Lisa Joanne Smith Requests, Hopes and Prays, that because of the Reasons listed Trespass under 9.32.010 Chapter 9.32 and under 9.32.010 Chapter 9.36 of the San Dimas Municipal Code, that: the City of San Dimas and representatives Emmett Badar Mayor, Eric Weber Councilman, and Ryan Vienna Councilman, be found guilty of Trespass, Injury Damaging Property, Unlawful Entry of the property located at 971 Avenida Ladera, San Dimas, Ca, Aiding and Abetting with intent to injure, harm and damage the home and family of Lisa Joanne Smith. Plaintiff Hopes and Prays that the Court will render any And all monetary damages in the amount of Twelve Million, Three-Hundred and Ninety Five Thousands Dollars against the City of San Dimas, and councilmembers Listed, and all other monetary damages the Court Grants in favor of the Plaintiff

## VERIFICATION

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

Lisa Joanne Smith being duly sworn, upon oath, deposes and says: that she has read the foregoing **FIRST AMENDED COMPLAINT FOR DECLATORY RELIEF AND INJUNCTIVE RELIEF AND VERFIED CLAIMS FOR INVERSE CONDEMNATION; DESTRUCTION OF PRIVATE PROPERTY**, and based upon information and belief knows The contents thereof to be true and correct to the best of my knowledge.

______________________________

Lisa Joanne Smith

SUBSCRIBED and SWORN to before me

This the ______day of March, 2025.

See Attached Notarized Document Dated 3/11/25

______________________________

Notary Public

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of LOS ANGELES )

Subscribed and sworn to (or affirmed) before me on this 11th day

of MARCH, 20 25, by

LISA JOANNE SMITH,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NR01 R. L. EVANS JR. COMM. #2485654 Notary Public - California Los Angeles County My Comm. Expires Apr. 9, 2028 NR01

(Seal)

Signature [signature]

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

### Description of Attached Document

This certificate is attached to a document titled/for the purpose of

containing _______ pages, and dated _______________.

### Additional Information

Method of Affiant Identification

Proved to me on the basis of satisfactory evidence:
○ form(s) of identification ○ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _______ Entry # _______

Notary contact: _______________

Other
☐ Affiant(s) Thumbprint(s) ☐ Describe: _______

© Copyright 2007-2021 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved. Item Number 101884. Please contact your Authorized Reseller to purchase copies of this form.

IV. **Fourth Cause of Action**

Comes now Lisa Joanne Smith and files this lawsuit against Robert and Joceline Abdallah . as case involves the Federal Bureau of Investigation, a federal agency , this cause of action is filed under U.S.C. Title 28 1331. This Court also retains jurisdiction under United States Federal Code Title 28 U.S.C. 1343.

I am Lisa Joanne Smith. I reside at the address of 971 Avenida Ladera, San Dimas, Ca. I have resided in the home at the address listed since 2004, when I purchased said property I currently work as a grade schoolteacher and have for over 31 years. I was a Catholic Church Cantor for over 31 years.

My property faces the park known as Ladera Sera Park, in the City of San Dimas, Ca., and the back of the property meets the Golf Course known as Via Verde Country Club. The Property adjacent East of my property is owned by Robert and Joceline Abdallah. This Action arises from the property owned by Joceline and Robert Abdallah , whose address is 961 Avenida Ladera, San Dimas, Ca. 91773. This claim arises from a swimming pool located on the Northwest Corner of the Adballah residence. In a conversation in 2016 with Robert and Joceline Abdallah, I voiced my concern about the growth on the East side of my property. Both Robert and Joceline Abdallah confessed to myself and another family member that they wanted to drain their swimming pool and cover it up, because it was leaking. Robert Explained that he had conversations with the City of San Dimas Engineering Department and they had explained that upon draining the pool, prior to filling in the pool area, holes were required to be drilled completely through, every 24 inches in every direction. Robert Abdallah found this to be to financially burdening and decided not to take that path. Robert Claimed that he would have someone out to fix the leakage. I did not hear from Robert or Joseline concerning the leakage thereafter. I had already contacted the City of San Dimas, Ca. 91773 concerning the matter, and did not hear anything from the City to date of this filing. During the course of the events and at different time intervals, I took on the effort to request permission from Joceline Abdallah

to view the back of their property, to see if any improvements had been made on their part. None were visually present.

On December 30, 2019 the first of two collapses of the Patio structure, began to collapse. the collapse was adjacent to the swimming pool pump which circulates the water from the swimming pool at the adballah's residence. A 2 inch crack was discovered on the fencing between the properties of 961 (Abdallah address) and 971 (my address) Avenida Ladera, San Dimas, Ca.

On January 8, 2020 I sent a formal letter to Joceline and Robert Abdallah under certification from the United States Post Office # 7014 0510 0000 0462 5906. The letter Requested the parties Joceline and Robert Abdallah "Cease and Desist" from their intentional failure to repair their pool and to proceed to repair it immediately. Robert and Joceline Abdallah instead hired Harbor Paving Stone to completely remove their cement driveway and replace with paving stones to include other landscaping on the Abdallah property. No repair to pool was done.

It was noticed at that time, a Palm Tree which was growing on the Southeast side of my property, was beginning to Lean towards the Abdallah residence. This matter was brought up to Robert Abdallah, in which he discounted the leaning and stated that the tree should be removed because it was ugly. It was brought to Robert Abdallah's attention that a large Pine Tree had fallen on the home West of My home. Robert became very nervous during the conversation. Finally I had the Palm Tree Cut Down after time lapse photographs taken, revealed continued leaning directly towards the Southwest corner of the Abdallah home as it faces the street.

I believe that Robert and Joceline Abdallah showed no concern to repair their swimming pool, as they were working hand in hand with the Los Angeles Sheriff Department to include what was believed to be Agents of the Federal Bureau of Investigation, by allowing "Entry" and "Free Will", to perform any action on their property against myself and other family members. Agents-Deputies were seen going into their property from the Via Verde Golf Course, and from the Street directly onto their property as late as July 2023.

It was evident that after my letter of January 2020, that Robert Abdallah began to seek various ways to secretly address the continued leaking of the swimming pool on his property, persons would be working on the pump plumbing and cement surrounding the pool pump, as we discovered on May 24, 2022, at 3:20:00 a.m. on that morning. A noise, the movement of a "Trowel" was heard from my 2nd story bathroom window. Upon hearing this we went outside and discovered a Maroon Chevy Truck License Plate # CA 7R39208 and the person driving the vehicle, leave the residence of 961 Avenida Ladera, San Dimas, Ca. in a Hurry. Surveillance footage captured the incident.

A similar incident again, with noise from the residence of 961 Avenida Ladera, San Dimas, Ca., involving the use of a "Trowel" moving across cement, was heard and another White SUV was caught on Surveillance Records, leaving the property of 961 Avenida Ladera, San Dimas, Ca. 91773 within minutes of my property lights going off in early morning hours. It is believed Robert and Joceline Abdallah realized that the leaking was continuing and were both attempting to hide the problem from detection. On another occasion a Dark Grey Truck License Plate # 7 CVA 939 was seen leaving the residence of 961 Avenida Ladera, San Dimas, Ca. after we discovered they were working on the pool pump at late hours of the night.

It became clear that the Los Angeles Sheriff Department was administering "Cover" and Protection to Robert Abdallah and Joceline Abdallah, as the games continued on. Aircraft was seen flying extremely and dangerously close to the roof top of the Abdallah residence. All residents of 971 Avenida Ladera, San Dimas, Ca. 91773 were fired upon by Aircraft and equipment placed on the Eastside from my residence, attempting to cause grave bodily injury. The firing was coming into the home from an area North and East of my residence. This continued for a long period of time and was used to Physically Torture myself and family members as a Tactic by the Los Angeles Sheriff's Department and other attached agencies, to prevent myself and all concerned from filing criminal complaints.

Persons concerned and under my permission to retrieve all possible security camera footage of wrongdoing against myself and my property, were photographed and video taped by residents of 961 Avenida Ladera, San Dimas, Ca. 91773, positioned in a second floor room located on the Southwest Corner of the Residence while Incidents of danger were video by my family, of low flying planes that were intentionally attempting to damage my person and my property. I believe this was an attempt by Robert Abdallah and his deputy assistants from the Los Angeles Sheriff Department to "Fraudulently and Criminally" create false Scenarios to keep both Deputies and Robert Abdallah from Legal and Criminal Complaints I had filed against gang members of the Los Angeles Sheriff Department. No Trespass was attempted onto their property, as all recordings were taken outside of the 961 Avenida Ladera, San Dimas private property, therefore no criminal act has and have ever been committed by myself or persons associated with me.

On April 28, 2023, the East Side Patio Completely collapsed in the early morning hours as a person was awake to hear and witness the collapse, as the guarding of the property had to be undertaken on a nightly basis, and had been going on for a period of 7 plus years, to protect my property. Cameras were burned out by Agents-Deputies on many occasions on the East Side of my property. The Los Angeles Sheriff Department and other criminal law enforcement personnel who were Trespassing onto my property over 9 years and have broken into my home over 73 times, of which I believe is the assistance of the Via Verde Country Club owners, High ranking officials of the Los Angeles Sheriff Department, the Los Angeles Sheriff Aero Bureau, and other attached agencies to disguise the criminal actions they have taken against myself, other family members, my residence, my automobiles, my financial accounts, and United States Postal Mail addressed to me.

I believe that my civil rights have been violated by the parties, and the damage effected to my property was the cause of failure by Robert and Joceline Abdallah to professionally repair the swimming pool at their address of 961 Avenida Ladera, San Dimas, Ca., The City of

Persons concerned and under my permission to retrieve all possible security camera footage of wrongdoing against myself and my property, were photographed and video taped by residents of 961 Avenida Ladera, San Dimas, Ca. 91773, positioned in a second floor room located on the Southwest Corner of the Residence while Incidents of danger were video by my family, of low flying planes that were intentionally attempting to damage my person and my property. I believe this was an attempt by Robert Abdallah and his deputy assistants from the Los Angeles Sheriff Department to "Fraudulently and Criminally" create false Scenarios to keep both Deputies and Robert Abdallah from Legal and Criminal Complaints I had filed against gang members of the Los Angeles Sheriff Department. No Trespass was attempted onto their property, as all recordings were taken outside of the 961 Avenida Ladera, San Dimas private property, therefore no criminal act has and have ever been committed by myself or persons associated with me.

On April 28, 2023, the East Side Patio Completely collapsed in the early morning hours as a person was awake to hear and witness the collapse, as the guarding of the property had to be undertaken on a nightly basis, and had been going on for a period of 7 plus years, to protect my property. Cameras were burned out by Agents-Deputies on many occasions on the East Side of my property. The Los Angeles Sheriff Department and other criminal law enforcement personnel who were Trespassing onto my property over 9 years and have broken into my home over 73 times, of which I believe is the assistance of the Via Verde Country Club owners, High ranking officials of the Los Angeles Sheriff Department, the Los Angeles Sheriff Aero Bureau, and other attached agencies to disguise the criminal actions they have taken against myself , other family members, my residence, my automobiles, my financial accounts, and United States Postal Mail addressed to me.

I believe that my civil rights have been violated by the parties, and the damage effected to my property was the cause of failure by Robert and Joceline Abdallah to professionally repair the swimming pool at their address of 961 Avenida Ladera, San Dimas, Ca., The City of

San Dimas, Ca. and the Golden State Water Company, with other contributing agents-entities of the Los Angeles Sheriff Departments, who provided support for the Intentional Efforts to "Trespass", "Damage Property" and attempt to cause grave bodily injury to myself, and all persons involved on my behalf, who attempted and continue to log and capture the events committed by the parties listed.

Joceline and Robert Abdallah have violated State neighbor laws presently as the swimming Pool is a public nuisance in accordance with Cal. Civ. Code 3493, in effect in the State of California, as the Abdallah's failure to professionally repair the continued leaking of the Swimming pool on Abdallah property from the inception of the leakage continuing through the filing of this Cause of Action, In December 2023. In addition the leakage of the Swimming pool on the Abdallah property, has affected the entire community, as the City of San Dimas, Emmett Badar Mayor who is partially responsible for the leakage has attempted to hold the Plaintiff responsible for the Visual esthetics of the damage done by both the City of San Dimas, Ca. Emmett Badar Mayor, and Jocelyn and Robert Abdallah, and the property located at 961 Avenida Ladera, San Dimas, Ca. 91773, which is adjacent on the Eastside of the property, to the Plaintiff's property. This as is described in California Civil Code 3480. The Abdallah's have continued to violate the Plaintiff's rights by their ongoing refusal to repair and or remove the leakage consistently damaging. the Plaintiff's property continuing the "private Nuisance" the Swimming pool Created and continues to damage plaintiff's property has interfered with the rights of others. "Wolford v. Thomas, 190 Cal. App. 3d 347, 358 (1987).

Defendant's Jocelyn and Robert Abdallah, have both violated Plaintiff's Civil Rights under 28 U.S.C. 1343, and all other Federal and State Codes named In this Suit.

Date: March 11 2025

[signature]

Lisa Joanne Smith, Plaintiff

# CLAIMS

1.Plaintiff has a claim under U.S. C. 28 1343 to recover damages for Injuries on property damage or because of the deprivation of any right or privilege of a Citizen of the United States, by any Act done in furtherance of any conspiracy in Section 1985 of Title 42.

2.Plaintiff has a claim under Cal. Civ Code 3494, as Joceline and Robert Abdallah have Violated state Neighboring Laws by their Failure to Professionally repair their swimming pool which to date has created a public nuisance. In doing so caused the collapse of the Patio on the Eastside of the Plaintiff's property.

3. Plaintiff has a claim under Cal. Civ code 3480, as Joceline and Robert Abdallah have Continue to violate Civ. Code 3494, which has created a Nuisance, which has affected the entire Community.

4. Plaintiff has a claim under U.S.C. 28 1343 as Robert and Joceline Abdallah Intentionally created an atmosphere of Fraud and coercion by joining the Los Angeles Sheriff Department, The Los Angeles Aero Bureau and the Federal Bureau of Investigation, to cause Grave bodily injury to myself and other family members, residing at the residence of 971 Avenida Ladera, San Dimas, Ca., with the Intent of hiding the water problems which have existed and continue to exist on their property going back 10 years to present day Dec 2023.

# IRREPARABLE INJURY

Plaintiff believes has been irreparable injury caused by Joceline and Robert Abdallah. Plaintiff believes that the monetary damages requested in this 4th Cause of Action against Joceline and Robert Abdallah are not paid immediately by the Defendants, are insufficient to Compensate the Plaintiff for the damage done to Plaintiff's property located at 971 Avenida Ladera, San Dimas, Ca. 91773.

Plaintiff Believes that Joceline and Robert Abdallah's intentional actions and lack of Actions to Professionally resolve the issues of the water leakage, have caused irreparable Injury and damage to the Plaintiff and the Plaintiff's property.

Plaintiff believes that Joceline and Robert Abdallah created a nuisance under California Law, continued to date to allow the nuisance to continue which has caused Great stress and mental anguish to the Plaintiff, and irreparable Injury to the Plaintiff and Irreparable damage to the property located at 971 Avenida Ladera San Dimas, Ca. 91773.

# RELIEF

Plaintiff Hopes and Prays that Court find the Defendant's Joceline and Robert Abdallah Guilty of Creating a Nuisance under California Code 3493.

Plaintiff Hopes and Prays that the Court Find the Defendant's Joceline and Robert Abdalla guilty of violation of California Civil code 3480 by affecting the entire community with their failure to Repair the leakage issues concerning their Swimming pool located at 961 Avenida Ladera, San Dimas, Ca. 91773 and continuing to cause the Nuisance under Ca. Civ. Code 3493.

Plaintiff Hopes and Prays that the Court Order the Defendants Joceline and Robert Abdalla to pay the sum of Two Million Three Hundred and Seventy Five Thousand Dollars, 2, 375,000.00, as damages for their Involvement and Direct Actions, and Direct Inactions To repair leakage of their Swimming Pool concerning damage done to the property located at 971 Avenida Ladera, San Dimas, Ca. 91773 to date.

Plaintiff Hopes and Prays that the Court order an Injunction against the Defendant's Robert and Joceline Abdallah and the property located at 961 Avenida Ladera, San Dimas, Ca. Ordering Defendant's to :"Immediately Drain" the Swimming Pool located at 961 Avenida Ladera, San Dimas, Ca. 91773 and "Restrain" defendant's and defendant's agents from refilling the Swimming Pool with Water, until Representatives from the State of California, "Certify" the Swimming Pool located at 961 Avenida Ladera, San Dimas, Ca. to be safe from damaging property outside of the listed address of 961 Avenida Ladera, San Dimas, Ca. 91773.

Plaintiff has suffered greatly, both physically and Emotionally at the Intentional Fault of Joceline and Robert Abdallah. Therefore, Plaintiff requests any and all other Punitive Damages available at law be ordered by The Court, to be paid to the Plaintiff by the Defendant's Joceline and Robert Abdallah.

## V. FIFTH CAUSE OF ACTION

COMES NOW, Lisa J. Smith and files her fifth Cause of Action against the Los Angeles Sheriff Department and Divisions of the Los Angeles Sheriff Department: The Los Angeles Sheriff Department Aero Bureau. This Suit is Filed under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. 1343.

My name is Lisa J. Smith. I am a life long resident of the State of California. I have never committed any crime whatsoever, and have driven Safely on California Highways since a young adult without committing any driving offense to date. I have been employed as a school teacher for over 30 years. I was a Catholic Church Cantor for over 30 years. I celebrate mass each Sunday since I was a small child.

I purchased a home in the city of San Dimas, Ca. in 2004 and have resided at the address of 971 Avenida Ladera, San Dimas, Ca. 91773 since June of 2004 a total of 19 years and 6 months. I attended church regularly up to the closing of public facilities during Covid. I watch mass each and every Sunday, and have only visited a church for mass since covid on 3 different times, due to the attempts on my life by the Los Angeles Sheriff Department.

In 2014, during the Obama Administration, the president was present in the city of San Dimas, Ca. During this period, a family member viewed a Los Angeles Sheriff Department deputy climbing a small incline leading to a residence opposite my backyard which is adjacent to the 12th hole of the Via Verde Golf Course. The deputy climbed the fence and entered the property. The deputy returned after a period of time in the residence, with a box and slowly climbed down the hill with box in hand. A video was taken of the incident, as we were preparing to video tape the President's Helicopter flying by my residence on the day he landed in the City of San Dimas California. We felt obligated to report the incident, and wrote a letter to the City of San Dimas's Mayor describing the

situation. My letter was ignored. Since that Date, thousands of flights by small engine aircraft with different emblems but similar in the overall colorations, have flown over my home not in accordance with Federal Aviation Administration Minimum flight altitudes but only a few feet, usually just above tree level of the trees surrounding my home, approximately 6 to 8 feet above my rooftop. Each fly over caused the home to shake due to the force of the Aircraft's blowing of Air in a downward force, and the extremely Loud sound that is made by Helicopters at low distance to the Ground. All flights have been recorded on Property Security Cameras.

During afternoon walks in the neighborhood of Via Verde, it was noticed Los Angeles Sheriff Helicopters Hovering in different areas of the Via Verde neighborhood. On one incident, a phone camera was used to record the Los Angeles Sheriff Helicopter. All of a sudden, the pilot noticed, and then with extreme speed, flew off from the area where he had been hovering for over 10 minutes. This brought question as to what he was truly there for, as the Via Verde area had been having a troublesome number of break-ins. News on television had video showing gangs made up of Los Angeles Sheriff deputies working illegally in different areas of Los Angeles County. this information was also forwarded to the Mayor of the City of San Dimas, California. No response was ever received concerning both letters.

Shortly after the letter to the Mayor, the Los Angeles Sheriff Department deputies Pilots began a systematic attempt to Punish Myself and My family Members, by "Firing Deadly Magnetic Radiating Waves into my residence", on a daily basis since 2014, totaling 10 years or 3,652 days or 87,648 hours, or 2 million 103 thousand five hundred (2,103,552) minutes of firing of "Deadly Magnetic Radiating Waves into my home targeting and attacking myself and other family members, which has caused great pain, injury and mental anguish experienced by myself and other family members. I believe the Los Angeles Sheriff Department's Intent to "Torture" our bodies and our minds to have us

I had nothing to do with to attempt to "Cover Up" the destruction executed against myself, my property, and my privately owned vehicles. The Los Angeles Sheriff Department. These Los Angeles Sheriff Department officials-deputies-detectives-Gang operatives, have committed Grand Theft violations under Code 487 PC of the California Penal Code. A sum exceeding One Thousand Dollars (1,000.00) was Stolen from my home by Los Angeles Sheriff Deputies. Monies that are saved for various debts, like vehicle car renewals, State Taxes, Christmas décor and presents, and is used for those purposes annually.

During the period of Covid, the Los Angeles Sheriff Department had now under the Color of Law, created sufficient false evidence against me and family members to have Federal Officials become Involved as "Federal Aircraft" fly overs of my home by Federal Helicopters, Federal Aircraft-Airplanes, with great force, causing the shaking of my home became a weekend event beginning in 2020 and continuing through the end of 2023. I have filed a number of claims against the Federal Bureau of Investigation, and the Department of Homeland Security, concerning the damage done to my home since the Period of 2019 through the end of 2023.

The Los Angeles Sheriff Department began firing Intensified Magnetic Radiating Waves into the residence, Once Covid restrictions were Put into place. I was now teaching from my home in an upstairs room, via electronic means via my work. This is when the Decking that was constructed by the previous owners, began to show damage. (A decking was constructed across the entire second floor of my home allowing someone to walk across the entire back of the second floor as one would be able to walk onto the balcony of a bedroom on the second floor. The Decking had replaced two balconies that were originally present on the second floor of the bedroom, along Sliding doors originally placed there during the original construction in 1973. We have experienced a number of earthquakes during my residence in the home, and no damage to the decking had ever occurred. What was obvious was the pain I was experiencing during my visual teaching during the day, as I began to experience extreme headaches, and body

pain as I was teaching. Also at night, and during the morning after awakening, I was in unusual. pain, having to make numerous visits to physicians and Chiropractors to help ease the pain. a family member was burned in the chest area by the Waves that were fired into the residence on a daily basis. I would also sit in the den area of the first floor during the evening hours, to only have an intense gagging and choking, with a sudden headache, almost instantly. Family members were experiencing exact same symptoms and would say "They are firing at us" and continues to make the same claim over and over as each daily incidents occur.

Letters were written to Emmett Badar, Mayor of the City of San Dimas, Ca. concerning the criminal actions of the Los Angeles Sheriff Department , of which were sent certified mail. all letters were ignored. Emmett Badar, has made "Zero" attempts to make contact with me or anyone residing here, to attempt to find out what has been going on, leading us to believe That Emmett Badar is a **"Catalyst"** to the **Criminal Conduct** of the Los Angeles Sheriff Department since the first "Written Communications" were sent all via certified mail.

In 2022, areas of the Decking on the 2nd floor exterior back began to collapse, with single boards falling. After inspection, the decking was beginning to fail due to the Increased vibrations caused by **Helicopters from the Los Angeles Sheriff Department**, **Single Engine Airplanes from the Los Angeles Sheriff Department,** and **Deadly Magnetic Radiating waves "Fired" by deputies of the Los Angeles Sheriff Department.** By acting under the color of law and willfully violating the law under fraudulent pretense, these Los Angeles Sheriff Deputies are guilty of violating **California Penal Code § 594 PC** , rising to the level of a **felony**, charged as individual crimes on a daily basis beginning January of 2022, through December of 2023, totalling **730 felony counts of California Penal Code § 594 PC** , and **730 individual counts of violations of 18 U.S.C. § 242 against the following officers-deputies-pilots:**

1. **Pilot 1- John Doe, Los Angeles Sheriff Department Aero Bureau Helicopter Pilot**
2. **Pilot 2- John Doe, Los Angeles Sheriff Department Aero Bureau Helicopter Pilot**
3. **Pilot 3- John Doe, Los Angeles Sheriff Department Aero Bureau Helicopter Pilot**
4. **Pilot 4- John Doe , Los Angeles Sheriff Department Aero Bureau Helicopter Pilot**

5. **Pilot 5- John Doe, Los Angeles Sheriff Department Aero Bureau Airplane Pilot (single engine light colored plane with a dark stripe at each end of the under wing)**
6. **Pilot 6-John Doe, Los Angeles Sheriff Department Aero Bureau Airplane Pilot (single engine light colored plane with dark belly from nose to tailwing, with dark painted tailwing)**
7. **Pilot 7- John Doe, Los Angeles Sheriff Department Aero Bureau Airplane Pilot (single engine light colored plane with dark painted under wings, belly and Tailwings)**
8. **Pilot 8- John Doe, Los Angeles Sheriff Department Aero Bureau pilot and or Contracted pilot (single engine light colored plane with red, and dark painted Striping throughout side of plane)**
9. **Pilot 9- John Doe, Los Angeles Sheriff Department Aero Bureau Airplane Pilot (single engine plane light in color with dark painted belly, nose to tailwing, with A dark painted stripe at each end of Underwings.**
10. **Deputy- John Doe, Los Angeles Sheriff Department (entered residence of 971 Avenida Ladera, Multiple times, damaged property, left blood stains)**
11. **Deputy-John Doe, Los Angeles Sheriff Department ( positioned Lidar and other Devices in and around property, allowing deputies to fire deadly magnetic Radiating devices to cause damage to decking, which weakened and failed.**
12. **Deputy-John Doe, Los Angeles Sheriff Department (trespassed onto property, entered and removed private property and damaged equipment inside of property for the sole purpose of Punishing Plaintiff.**

All events described in this Suit were Recorded via Property Security Cameras on Hard drives dating back on a minute to minute, hour to hour, and day to day basis . All Hard drives are preserved and will be admitted into evidence at time of trial. All events were recorded in Written Form on a created form, logging all events of the Los Angeles Sheriff Department, the Federal Bureau of Investigation, and Department of Homeland Security. All event descriptions begin in 2014 and are cataloged in an event to event minute to minute, Hour to hour, day to day basis and are preserved, and will be admitted into evidence at the Time of trial.

The Los Angeles Sheriff Department, now with assistance of the Federal Bureau of Investigation, and the Department of Homeland Security to render punishment , the decking on the second floor of the property began to fail at an advanced pace, as upon checking by family members on a by monthly basis, the structure was sound prior to these described events. Shortly before April 28, 2023, the Decking located on the North Side of the Plaintiff's Home failed, fell and destroyed the Air Conditioning system of the home. In addition, the movement of the ground due to The leaking pipes from the City of San Dimas Storm Drain System, and the leaking swimming Pool owned by Joceline and Robert Abdallah, also caused movement of the decking which attached to the Patio Structure located on the Eastside of the Plaintiff's Home. Finally in the Early Hours of April 28, 2023, witnessed by a family member, both Structures under great stress due to ground movement and the constant vibrations from Los Angeles Sheriff Helicopters and Los Angeles Sheriff Planes on a daily basis, and Deputies of the Los Angeles Sheriff Department, planting devices in and around the property, the entire Structure of decking and patio **"Collapsed".**

Plaintiff is certain, the Los Angeles Sheriff Department is Responsible and included as a Catalyst for the failure of the Decking on the North Side of the Plaintiff's home located at 971 Avenida Ladera, San Dimas, Ca. 91773 and the collapse of the Patio located on the Eastside of the Plaintiff's Home located at 971 Avenida Ladera, San Dimas, Ca. 91773.

Plaintiff was stalked by deputies of the Los Angeles Sheriff Department on a daily basis From January 2022, through December 2023. My vehicles have been broken into at my home And Plaintiff believes that the Los Angeles Sheriff Department had planted recording and Transmitting devices in my vehicles as witnessed by family members, for the sole purpose In violation of violating of the Plaintiff's rights under 42 US.C.§ 1983.

Plaintiff was stalked to the point, that it became dangerous to stop at any location Plaintiff was not known on a personal basis, as a family member and the Plaintiff were enduring attacks in Plaintiff's home. Plaintiff and family members were attacked in Libraries while

(Hacienda Heights Public library),( Diamond Bar Public Library) and the (Los Angeles Law Library), while researching and preparing documents for "filing a claim with the County of Los Angeles, claims with the City of San Dimas, Emmett Badar, Mayor. Also while preparing documents for filing with the United States District Court, Central District Western Division, causing delays as we had to exit the building to prevent the events we deemed As "attempted murder" for Researching Information for this Lawsuit, a violation of 18U.S.C. § 242 **deprivation of rights under the color of law.** A violation of Plaintiff's Rights under 42 U.S.C. § 1983.

A family member was poisoned by a Las Vegas Police Officer (lawsuit to be filed in short in 2024)in July 2022, assisting deputies of the Los Angeles Sheriff Department's (Fraudulent claims and intent to defame) and cause further damage to Plaintiff , a violation of 18 U.S.C. § 242. Researching Information for this Lawsuit, a violation of 18 U.S.C. 242 deprivation of rights under the color of law.

Plaintiff's vehicles were broken into constantly and destruction of locking mechanisms, Windows, upholstery, dashboards were suffered by the Plaintiff at the hands of the Los Angeles Sheriff Department. A violation of Plaintiff's rights under **CA Codes (pen: 594-625c) Malicious Mischief** Plaintiff's believes Detectives-Deputies from the Los Angeles Sheriff Department have Created Fraudulent crimes alleging Plaintiff and the defendant for the sole purpose of "Cover up" and presented fraudulent information to Investigators under the color of law to have said Investigators render negative outcomes of "claims for damages" filed by Plaintiff. A clear Violation under **California Penal Code 118.1.** The following violations are as follows

**Police Detective 1-Los Angeles Sheriff Department (falsifying documents of events from a business to file a criminal complaint against plaintiff)**
**Police Detective 2-Los Angeles Sheriff Department (falsifying documents and events from a business to file a criminal complaint against plaintiff)**
**Police Officer 3- Los Angeles Sheriff Department Captain Walid Ashrafnia (creating Nuisance situation at Plaintiff's residence to create a fraudulent criminal complaint Against Plaintiff and Plaintiff's family member to improve the Position of the City of San Dimas, and assist Emmett Badar Mayor)**
**Public Official-1 Emmett Badar Mayor of City of San Dimas Ca. (inciting a nuisance In order to co-operate and execute a fraudulent claim against Plaintiff and family).**

Plaintiff believes the Los Angeles Sheriff Department and all related departments-arms of the Los Angeles Sheriff Department-Los Angeles Sheriff Aero Bureau have engaged in and violated In all instances described in this Lawsuit in violation of all Codes presented in this Lawsuit. All matters were witnessed by others and experienced equally the violations of the Deputies, Captains and all other officials who have been involved in the "Cover Up" leading to the Necessity of filing this Lawsuit by Plaintiff. Plaintiff is confident of the Outcome of this Lawsuit in Plaintiff's favor as the evidence numbers in the thousands of pieces of evidence, And the many witnesses who will attest to the claims made by the Plaintiff in this Lawsuit.

Date: March 11 2025

Lisa Joanne Smith Plaintiff

## IRREPARABLE INJURY

Plaintiff has been irreparably injured. Plaintiff has been irreparably injured both Physically, Emotionally and Damaged Executed against Plaintiff's Home. Plaintiff has suffered Greatly over the period of January 2022 through December of 2023 and continuing on a daily Basis at the hands of the Los Angeles Sheriff Department and arms of the Los Angeles Sheriff Department, the Los Angeles Sheriff Aero Bureau.

Defendants, Los Angeles Sheriff Department and the Los Angeles Sheriff Department Have violated the Rights of the Plaintiff under Federal and State Codes outlined in the Plainiff's Lawsuit. Defendants have forever entrenched Irreparable Injury as the plaintiff will never feel Safe, and the Plaintiff's family will never feel safe in the Plaintiff's Home, In the City of San Dimas, California, and in the State of California, due to the Defendant's Actions enacted over The course of the periods outlined in this lawsuit

Plaintiff Hopes and prays that the Court Render Judgement requested by the Plaintiff And Order all other remedies available at law in the Plaintiff's favor.

## CLAIMS

1. Plaintiff has a claim in this court under 28 U.S.C. 1331,The District Courts have Original jurisdiction of all civil actions arising under the Constitution , laws, or treaties of the United States.

2. Plaintiff has a claim under 42 U.S.C. § 1343 Civil Action for the deprivation of rights As the Defendant's violated the Plaintiff's rights under this code which provides an Plaintiff The right to sue state government employees and other acting "under the color of law" for Civil rights violations. As defendants acted under State Law to include the City of San Dimas Who's statement of Acceptance and adopting of California State Codes, makes the City In essence inclusion in 42 U.S.C. §. The Los Angeles Sheriff Department and the Los Angeles Sheriff Aero Bureau are County of Los Angeles, California, and within the jurisdiction of this Court.

3. Plaintiff has a claim under 28 U.S.C. 1343 to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

4. Plaintiff has a claim under California Code 487 PC Grand Theft as deputies from The Los Angeles Sheriff Department Trespassed unto the property, broke into the residence And executed a burglary in the amount of One-Thousand Dollars, $1,000.00

5. Plaintiff has a claim under California Penal Code 594 PC, as deputies of the Los Los Angeles Sheriff Department willfully damaged the Plaintiff's property committing Vandalism

6. Plaintiff has a claim under 18 U.S.C. § 242 as deputies, detectives and pilots of the Los Angeles Sheriff Department, acting under the color of law, willfully deprived the plaintiff of a right protected by the Constitution or laws of the United States.

7. Plaintiff has a claim under 42 U.S.C. § 1983 As the Los Angeles Sheriff department Stalking of the Plaintiff on a daily basis, breaking into vehicles owned by the Plaintiff Violated Plaintiff's rights under this Federal Code.

8. Plaintiff has a claim under 18 U.S.C. §242 the deprivation of rights under the color of law as the Los Angeles Sheriff department Fired upon the Plaintiff and Plaintiff's family with equipment designed not for the purpose of imposing physical injury against the Plaintiff and Plaintiff's family

9. Plaintiff has a claim under California Penal Code 118.1 as the creating of fraudulent Crimes in order to "Cover Up" crimes committed by Deputies of the Los Angeles Sheriff Department and the Los Angeles Sheriff Aero Bureau and the filing the false information as true.

Plaintiff's hereby incorporates these claims in all aspects and filings under this lawsuit.

# RELIEF

1. Plaintiff Hopes ,Prays and requests that the Court Order : Defendants; the Los Angeles Sheriff Department to pay the financial sum of Two Million Three-Hundred and Seventy Five Thousand Dollars $2, 375,000.00 to the Plaintiff.

2. Plaintiff Hopes, Prays and requests that the Court find the Los Angeles Sheriff Department Guilty of Grand Theft and charged with the crime claimed by the Plaintiff

3. Plaintiff Hopes, Prays and requests that the Court find the Los Angeles Sheriff Department Guilty of willfully violating the Plaintiff rights in accordance with 18 U.S.C 242.

4. Plaintiff Hopes, Prays and requests the Court find the Los Angeles Sheriff Department guilty of violating the rights of the Plaintiff under 42 U.S.C.§ 1983

5. Plaintiff Hopes, Prays and requests the Court find the Los Angeles Sheriff Department Guilty of 18 U.S.C. § 242 for deprivation of rights under the color of law for Firing at the Plaintiff and Plaintiff's family with equipment not designed for the purpose Inflicted upon the Plaintiff and the Plaintiff's family.

6. Plaintiff Hopes, Prays and requests the Court find the Los Angeles Sheriff Department guilty of California Penal Code 118.1 and find the violation rises to the Level of a felony for creating fraudulent crimes and then filing false cases against The Plaintiff and Plaintiff's family.

7. Plaintiff Hopes and Prays that the Court find the following individuals Of the Los Angeles Sheriff Department guilty of the violations under California Penal code 118.1 and be charged with a criminal charge to be ajudicated in A United States Criminal Court:

**Police Detective 1-Los Angeles Sheriff Department (falsifying documents of events from a business to file a criminal complaint against plaintiff)**
**Police Detective 2-Los Angeles Sheriff Department (falsifying documents and events from a business to file a criminal complaint against plaintiff)**
**Police Officer 3- Los Angeles Sheriff Department Captain Walid Ashrafnia (creating Nuisance situation at Plaintiff's residence to create a fraudulent criminal complaint Against Plaintiff and Plaintiff's family member to improve the Position of the City of San Dimas, and assist Emmett Badar Mayor)**
**Public Official-1 Emmett Badar Mayor of City of San Dimas Ca. (inciting a nuisance In order to co-operate and execute a fraudulent claim against Plaintiff and family).**

8. Plaintiff hopes and prays that the Court: find the defendants listed below, all Deputies of the Los Angeles Sheriff Department guilty of the **730 felony counts of California Penal Code § 594 PC and charged with the criminal act and ordered to stand trial in a United States Federal Criminal Court:**

1. **Deputy- John Doe, Los Angeles Sheriff Department (entered residence of 971 Avenida Ladera, Multiple times, damaged property, left blood stains)**
2. **Deputy-John Doe, Los Angeles Sheriff Department ( positioned Lidar and other Devices in and around property, allowing deputies to fire deadly magnetic Radiating devices to cause damage to decking, which weakened and failed.**
3. **Deputy-John Doe, Los Angeles Sheriff Department (trespassed onto property entered and removed private property and damaged equipment inside of property for the sole purpose of Punishing Plaintiff.**

9.Plaintiff hopes and prays that the Court: find the defendants listed below, all Deputies of the Los Angeles Sheriff Department Aero Bureau, Guilty , and **730 individual counts of violations of 18 U.S.C. § 242 against the following officers-deputies-pilots:**

1 **Pilot 1- John Doe, Los Angeles Sheriff Department Aero Bureau Helicopter Pilot**
2 **Pilot 2- John Doe, Los Angeles Sheriff Department Aero Bureau Helicopter Pilot**
3 **Pilot 3- John Doe, Los Angeles Sheriff Department Aero Bureau Helicopter Pilot**
4 **Pilot 4- John Doe , Los Angeles Sheriff Department Aero Bureau Helicopter Pilot**
5 **Pilot 5- John Doe, Los Angeles Sheriff Department Aero Bureau Airplane Pilot (single engine light colored plane with a dark stripe at each end of the under wing)**
6 **Pilot 6-John Doe, Los Angeles Sheriff Department Aero Bureau Airplane Pilot (single engine light colored plane with dark belly from nose to tailwing, with dark painted tailwing)**
7 **Pilot 7- John Doe, Los Angeles Sheriff Department Aero Bureau Airplane Pilot (single engine light colored plane with dark painted under wings, belly and Tailwings)**

8 Pilot 8- John Doe, Los Angeles Sheriff Department Aero Bureau pilot and or Contracted pilot (single engine light colored plane with red, and dark painted Striping throughout side of plane)

9 Pilot 9- John Doe, Los Angeles Sheriff Department Aero Bureau Airplane Pilot (single engine plane light in color with dark painted belly, nose to tailwing, with A dark painted stripe at each end of Underwings.

10 Deputy- John Doe, Los Angeles Sheriff Department (entered residence of 971 Avenida Ladera, Multiple times, damaged property, left blood stains)

11 Deputy-John Doe, Los Angeles Sheriff Department ( positioned Lidar and other Devices in and around property, allowing deputies to fire deadly magnetic Radiating devices to cause damage to decking, which weakened and failed.

12 Deputy-John Doe, Los Angeles Sheriff Department (trespassed onto propertyentered and removed private property and damaged equipment inside of property for the sole purpose of Punishing Plaintiff.

Plaintiff hopes and Prays that the Court render any and all Maximum Punitive damages available at law in favor of the Plaintiff.

## VI. SIXTH CAUSE OF ACTION

Comes Now, Lisa Joanne Smith and files this Sixth Cause of Action. Lisa Joanne Smith Plaintiff in the above entitled matter files against the United States Postal Service. Plaintiff brings action under 42 U.S.C. §1983, 28 U.S.C. 1331 and 28 U.S.C. 1343.

My name is Lisa Joanne Smith. I am a resident of the state of California and have been since birth. I have lived in California my entire life. I work as a School teacher now for over 33 years, and a Catholic by religious name, and worked as a Cantor in my church for over 30 years.

Plaintiff has and continues to have problems with the United States Postal Service, as Plaintiff's mail has been opened prior to delivery, Stolen by Officials of the United States Postal Service, to include letters sent to Plaintiff by Plaintiff's attorney, Stolen Monies which were to be directed to Plaintiff's Account with the Federal Government, The destruction of Plaintiff's "Orders" placed online for products to be sent to Plaintiff via United States Postal Service, and the Failure of the United States Postal Service to have individuals who have been sent certified mail, sign their names, or even have anyone sign their names to the Return Receipt the Plaintiff has paid an extraordinary mail fee to have processed and served.

In January of 2022, Plaintiff received a document from the United States Postal Service, stating that the Service had returned a document which was sent Certified Mail to the Plaintiff, in "Error", as the recipient of said mail, Plaintiff had 10 days in which to respond , of which the mail had been returned in only 4 days from original notification. Certified Pieces of Mail (a product of the United States Postal Service) is a special services Mail. 262.11 M-141, City Delivery Carriers Duties and Responsibilities.

On May 5, 2023, Plaintiff had to notify a Federal Entity, that payments which were ordered by a court to be made to the Court by the Plaintiff , under a civil action the Plaintiff filed for, were stolen and missing as the mail had been removed at a stage of process. Plaintiff believes mail was stolen. A violation of 18 U.S.C. 1708.

On July 18, 2023 a letter was placed into my mail box at approximately 2;00 p.m. . Security Cameras picked up an incident where a United States Postal Worker was delivering the mail. Security Cameras in the neighborhood, showed that the individual had stopped and then proceeded immediately to leave the United States Postal Van. Knowing of the Problems existent with Fraud and Theft Concerning the United States Postal Service and In particular, The United States Post Office located in San Dimas, Ca., the Mail Box was quickly Investigated . In the mail box was a piece of certified mail that no one had signed for, with the addressee of the letter as Lisa Smith 971 Avenida Ladera, San Dimas, Ca Plaintiff was not present at the address at that Time and could not have signed for the letter. Upon Plaintiff's arrival at home, the situation was quickly explained and a trip was made To the United States Post Office, located at 300 E. Bonita Ave, San Dimas, Ca. 91773. Upon entering Plaintiff asked for the Supervisor, who appeared 10 minutes later. He identified himself as Zaw Aung. Plaintiff quickly described the situation to him and he had us wait as he search for the Green Return Receipt. He returned and stated the postal worker had not returned and he would retrieve the Receipt from the worker and to come back tomorrow. Plaintiff returned on July 19, 2023. Upon meeting again with the person Zaw Aung, he explained with embarrassment, that the employee had signed Plaintiff's name And left the letter in the mailbox. The Person's name is Omar.

Plaintiff requested information as to the contents of the letter, as it appeared to be Empty. Zaw Aung, inspected the letter and stated that he would inquire and that he had already notified the proper personnel within the United States Postal Service, and that They would be handling the case. Zaw Aung assured us that he would be contacting the city

Via written notice of the incident and would offer us a copy of that document. Instead of executing what was promised, Zaw Aung, sent a letter to the City of San Dimas, Ca. 91773 claiming that the letter was successfully delivered to the recipient. This was a clear effort on the United Postal Service side to manipulate the truth, in particular, Zaw Aung. Zaw Aung, was not the author of the letter and it's contents, was not present at the time

his associate Omar Caldera (United States Postal Service worker who had signed my name to the document), delivered the letter, and could not confirm the signature on the Green Return Receipt because Zaw Aung, claimed that it had already been sent back to the sender of the Document. As this again, clear evidence of the United States Postal Service to "Cover Up" A Fraud to protect one of their own. Zaw Aung quickly changed his story and stated that he would write a letter to the City of San Dimas, Ca. and that he would explain that he could not confirm what was exactly delivered and request that the letter be re-delivered.

I returned 3 days later and spoke again to Zaw Aung, who identified himself as a Supervisor for the United States Postal Service. Zaw Aung, provided us with a "copy" of a certified Return Receipt of which had zero legal value, and then disappears for over 10 minutes. He returned with a partially written letter to the City of San Dimas, Ca. explaining that the City Needed to re-send the initial letter. He refused to give us a copy of the unsigned letter, which was also not dated or signed, and stated Plaintiff would be receiving a copy of what was sent In the mail. To date, I have not received any written or verbal communication from the United States Postal Service, or from anyone associated with the United States Postal Service. Plaintiff formally sent a letter to the City of San Dimas, Ca. 91773 explaining That Plaintiff had not signed any Return Receipt and that I was unaware of the contents of the letter, and to please send another communication of what the letter contained. As of December of 2023 at the time of this filing, Plaintiff has not received any communication from the city of San Dimas, Ca. referencing the document, incident or any attempt to re-send the contents of the letter.

Since the date of July 18, 2024, the United States Postal Service Carriers have made another attempt to sign my name to what I know as a "Second Certified Mail". Approximately 14 days later, The United States Postal Worker, who we know as "Adrian" is our usual mail person who delivers mail to Plaintiff's residence was questioned as to whether or not any "certified mail" had come through for the Plaintiff. This meeting took place away from the Plaintiff's property, as plaintiff was leaving the area and noticed the mail carrier

having lunch. As the Plaintiff had not received any certified mail, plaintiff stopped to request whether he had seen anything. Adrian responded, Yes there is, I just left a certified letter in your mailbox. Plaintiff requested as to how would that be possible, as Plaintiff had not known of any mail, as Adrian had not bothered to attempt to knock or get the attention of the Plaintiff who was home when he actually delivered the mail, but had not seen him. Adrian responded that "They" had told him to just leave it in the mail box. Upon asking who said that, he refrained from communicating anything further. Plaintiff requested that Adrian follow him to Plaintiff's residence to "Undue the signature confirmation which was fraudulent". Adrian followed Plaintiff to the residence, he scanned the document, and then Plaintiff signed for the document, and Adrian he scanned the document. At that time, Adrian was notified that "No One" has the authority to sign for anyone at the residence. Adrian stated that Policy dictates that they have the authority to sign for the recipient. We stated that we had checked and there is no such policy. Plaintiff believes that Adrian and Omar are puppets to a Federally connected Individual who is attempting to destroy the Plaintiff's reputation, good name and standing in the community. Plaintiff believes that the City of San Dimas, California acted in a Fraudulent manner in refusing to re-issue whatever it is they sent, if anything, as the game playing of the city of San Dimas, Ca. under Emmett Badar, Mayor of the City of San Dimas. Plaintiff believes that Emmett Badar, Zaw Aung, Zaw Aung's Supervisor, ( John Doe )and the Los Angeles Sheriff Department all violated 18 U.S.C. § 1001(1), knowingly and intentionally Falsifying, concealing, Covering up by any trick, scheme, or device a material fact: Making any materially false, Fictitious, or fraudulent statement or representation.

Date: March 11 2025

[signature]

Lisa Joanne Smith Plaintiff

## Claims

1. Plaintiff has a claim under 18 U.S.C. 1708 in which Plaintiff's mail disappeared while in the custody of United States Postal Service, documents which would cause the Plaintiff great financial harm, as the intended individual from the United States Postal Service, attempted to do by the theft of the documents and payments.
2. Plaintiff has a claim under 18 U.S.C.§ 1001 as Officials and Employees of the United States Postal Service willingly and intentionally falsified, concealed and Covered Up by attempting to Trick, scheme, and device a Material fact, in order to assist, Protect and allow for the added advantage for the City of San Dimas, Ca. Emmett Badar Mayor to have a made a false presentation to the Plaintiff , and then refused to redress the mailing intentionally to cause the Plaintiff irreparable Injury.

## IRREPARABLE INJURY

1. Plaintiff has been injured. Plaintiff has been irreparably injured by the actions of the United States Postal Service. The United States Postal Service failed to Care and Protect the Plaintiff's Mail of which was of Extreme Importance.

2. Plaintiff has been injured by the United States Postal Service Employee when Plaintiff was a witness of fraud, the Employees Zaw Aung, and his Supervisor intentionally offer fraudulent information, fraudulent statements of repair and correction concerning the fraudulent execution of "Forgery" against the Plaintiff.

3. Plaintiff has been injured by the failure of the Addressor City of San Dimas, Ca. Emmett Badar Mayor to intentionally refuse to co-operate with the Plaintiff , instead Created a systematic Chaos to assist the United States Postal Service , who guilty of Forgery and Fraud, continues as incapable of leadership of which his position demands. Mayor Emmett Badar's intentional Conduct to not assist the citizens of the City of San Dimas, California, as he has in the past , and present tonattempt to Cause the Plaintiff , the Greatest Harm Possible.

4. Plaintiff has been injured by the United States Postal Service, failed on many occasions to have Certified Mail sent by the Plaintiff to different Individuals concerning matters in this Lawsuit before the Court, to attempt to have the Plaintiff "Fail" in Plaintiff's efforts to bring all matters to Adjudication by the Court.

# RELIEF

**Plaintiff Hopes and Prays that the Court:**

1. Finds the Defendant United States Postal Service Guilty of violations of theft of Plaintiff's Mail under 18 U.S.C. §1708 and all other Federal Statute Violations

2. Finds the Defendant's Guilty of intentionally falsifying documents, concealing, Covering up by attempting to trick, scheme, and device a Material fact of Forgery By a United States Postal Service Employee Omar Caldera under 18 U.S.C. 1001

3. Finds the Defendant Employee Omar Caldera Guilty under 18 U.S.C. 1001 of Willful and intentional execution of Forgery, intent to falsify documents, concealing by cover up to Trick, scheme, and device a Material Fact, and be ordered to stand Trial for the Criminal Conduct of Forgery and Fraud.

4. Finds the Defendant Employee of the United States Postal Service Zaw Aung Guilty under 18 U.S.C. 1001 of Willful and intentional execution of Forgery, intent to falsify documents, concealing by cover up to Trick, scheme, and device a Material Fact, and be ordered to stand Trial for the Criminal Conduct of Forgery and Fraud.

5. Order the United States Postal Service to Pay the Plaintiff the amount of Two-Million Three-Hundred and Seventy Five Thousand Dollars $2, 375,000.00, for their violations.

6. Finds the Defendant Emmett Badar Mayor Guilty of under 18 U.S.C. 1001 of willful and intentional execution of Forgery, concealing by cover up to Trick, scheme, and device a Material Fact, and be ordered to stand Trial for the Criminal Conduct, acting under his official capacity as Mayor and under the color of Law for the Criminal Violations.

7. Any and all other Punitive Damages allowable by Law in favor of the Plaintiff Lisa Joanne Smith